No. 25-2152

In the

# United States Court of Appeals
## For the Third Circuit

———————

SUNOCO PIPELINE L.P., ENERGY TRANSFER LP, AND
ENERGY TRANSFER (R&M), LLC,

*Defendants-Appellants,*

V.

DANIEL LA HART AND KATHERINE LA HART,

*Plaintiffs-Appellees.*

———————

On Appeal from the June 13, 2025 Order of the United States District
Court for the Eastern District of Pennsylvania
The Honorable Mia R. Perez, District Judge
Case No. 2:25-cv-02072-MRP

———————

**BRIEF OF THE CHAMBER OF COMMERCE
OF THE UNITED STATES OF AMERICA AS AMICUS
CURIAE IN SUPPORT OF APPELLANTS AND
APPELLATE JURISDICTION UNDER § 1291**

———————

Jonathan D. Urick
Audrey Dos Santos
U.S. CHAMBER LITIGATION
CENTER
1615 H Street NW
Washington, DC 20062

Matthew A. Fitzgerald
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4716
mfitzgerald@mcguirewoods.com

*Counsel for Amicus Curiae
Chamber of Commerce of the United States of America*

## CORPORATE DISCLOSURE STATEMENT

Amicus curiae the Chamber of Commerce of the United States of America ("Chamber") states that it is a non-profit, tax-exempt organization incorporated in the District of Columbia.  The Chamber has no parent corporation, and no publicly held company has 10% or greater ownership in the Chamber.


*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald

# TABLE OF CONTENTS

**Page**

IDENTITY AND INTEREST OF AMICUS CURIAE ............................. 1

INTRODUCTION ................................................................. 2

ARGUMENT ....................................................................... 3

I.   Appeals of remand orders under the CAFA exceptions can be brought as of right under § 1291 and do not require § 1453 petitions. ................................................................... 3

    A.   CAFA exception remands are a form of abstention and not "defects" in the original removal. .................................. 3

    B.   Section 1453 is not an exclusive path. ................................. 7

    C.   All courts of appeals that have addressed this question agree. ................................................................... 9

II.  Allowing defendants to appeal remands under § 1291 would increase efficiency for the Court and parties. ............................... 11

    A.   Section 1453(c) requires a scramble by counsel and the courts. ................................................................... 11

    B.   Analyzing whether to accept a § 1453 appeal requires meaningful effort and analysis, worth avoiding when needless. ................................................................. 13

    C.   CAFA exceptions are common bases for appeal and the dual practice of filing both a petition and notice of appeal is wasteful. ............................................................ 15

III. This Court should resolve this appeal in light of governing precedent on plaintiffs' burden of proof and CAFA's objectives. ................................................................. 17

CONCLUSION ................................................................... 19

CERTIFICATE OF COMPLIANCE ....................................... 21

CERTIFICATE OF SERVICE ............................................... 22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Adams v. West Marine Prods., Inc.,*
958 F.3d 1216 (9th Cir. 2020) .............................................................. 4

*Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.,*
810 F.3d 335 (5th Cir. 2016) ................................................................ 19

*Autoridad de Energía Eléctrica de Puerto Rico v. Ericsson Inc.,*
201 F.3d 15 (1st Cir. 2000) .................................................................. 6

*Benko v. Quality Loan Service Corp.,*
789 F.3d 1111 (9th Cir. 2015) .............................................................. 19

*Cheapside Minerals, Ltd. v. Devon Energy Prod. Co.,*
94 F.4th 492 (5th Cir. 2024) ............................................................ 8, 10

*City of Albuquerque v. Soto Enterprises, Inc.,*
864 F.3d 1089 (10th Cir. 2017) ............................................................ 6

*Dart Cherokee Basin Operating Co. v. Owens,*
574 U.S. 81 (2014) ............................................................................... 17

*Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.,*
928 F.3d 325 (4th Cir. 2019) .................................................. 14, 15, 18

*Dutcher v. Matheson,*
840 F.3d 1183 (10th Cir. 2016) ............................................................ 5

*Ellenburg v. Spartan Motors Chassis, Inc.,*
519 F.3d 192 (4th Cir. 2008) ................................................................ 6

*Evans v. Walter Indus., Inc.,*
449 F.3d 1159 (11th Cir. 2006) ...................................................... 18, 19

*Graphic Commc'ns Loc. 1B Health & Welfare Fund A v. CVS Caremark Corp.*,
   636 F.3d 971 (8th Cir. 2011) ................................................. 4

*Jacks v. Meridian Resource Co.*,
   701 F.3d 1224 (8th Cir. 2012 ............................................... 9

*Kaufman v. Allstate New Jersey Ins. Co.*,
   561 F.3d 144 (3d Cir. 2009) .................................... 13, 16, 17

*Kitchin v. Bridgeton Landfill, LLC*,
   3 F.4th 1089 (8th Cir. 2021) ............................................ 10

*McLaren v. UPS Store Inc.*,
   32 F.4th 232 (3d Cir. 2022) ................................................ 6

*Morgan v. Gay*,
   471 F.3d 469 (3d Cir. 2006) .............................................. 12

*Quackenbush v. Allstate Ins. Co.*,
   517 U.S. 706 (1996) ........................................................... 3

*Scott v. Cricket Commc'ns, LLC*,
   865 F.3d 189 (4th Cir. 2017) ............................................ 12

*Serrano v. 180 Connect, Inc.*,
   478 F.3d 1018 (9th Cir. 2007) ............................................ 4

*Simring v. GreenSky, LLC*,
   29 F.4th 1262 (11th Cir. 2022) ........................................... 9

*Skyline Tower Painting, Inc. v. Goldberg*,
   148 F.4th 209 (4th Cir. 2025) .................................... 7, 9, 10

*Snapper, Inc. v. Redan*,
   171 F.3d 1249 (11th Cir. 1999) .................................... 5, 6, 7

*Thermtron Prods., Inc. v. Hermansdorfer*,
   423 U.S. 336 (1976) ........................................................... 3

**Statutes**

28 U.S.C. § 1291..................................*2,* 3, 4, 7, 8, 9, 10, 11, 13, 15, 16

28 U.S.C. § 1332........................................................................ 4

28 U.S.C. § 1447 .................................................3, 5, 6, 7, 8, 9

28 U.S.C. § 1453....................................3, 7, 8, 9, 10, 11, 12, 13, 14, 16

**Other Authorities**

*Black's Law Dictionary* 418 (6th ed. 1990)............................................5

S. Rep. No. 109-14 ....................................................................18

*Webster's Third New International Dictionary* 591 (1981) ......................5

Wright & Miller, et al., Fed. Prac. & Proc. § 3931.2
  (3d ed. 2023) ..........................................................................7

## IDENTITY AND INTEREST OF AMICUS CURIAE

The Chamber of Commerce of the United States of America (the "Chamber") is the world's largest business federation. The Chamber represents approximately 300,000 direct members and indirectly represents the interests of more than three million companies and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files amicus curiae briefs in cases, like this one, that raise issues of concern to the nation's business community.[1] Further, the Chamber was involved in organizing support for the Class Action Fairness Act ("CAFA") before its enactment, and the Chamber's members are often named as defendants in the sorts of lawsuits CAFA intended to receive a federal forum, including class and mass actions.

---

[1] All parties have consented to the filing of this brief. *See* Fed. R. App. P. 29(a)(2). No counsel for a party authored this brief in whole or in part. No party, no counsel for a party, and no person or entity other than Amicus, its members, or its counsel made a monetary contribution to fund the preparation or submission of this brief.

## INTRODUCTION

This Court should join the unanimous consensus of circuits that have held, in published opinions, that remands based on CAFA exceptions such as the local-controversy exception are appealable by right under 28 U.S.C. § 1291. Such appeals thus do not require petitions under 28 U.S.C. § 1453 and the extra round of rapid-fire briefing and decision that § 1453 lays out. This Court could improve efficiency for itself and for parties in cases like this one by holding that appellate jurisdiction is proper under § 1291.

Moreover, the plaintiffs in this case raised this issue and they have prompted this Court to address it by seeking dismissal of the § 1291 appeal for lack of appellate jurisdiction. Thus, the parties and Amicus have provided full adversarial briefing on this issue. For that reason, this case is an especially good one in which to address, in a published opinion, whether remands based on CAFA exceptions are appealable by right under § 1291. The Chamber and its members, who are subject to class-action litigation nationally, would benefit from the uniformity and certainty this Court would bring about by aligning itself with the unanimous precedent of its sister circuits.

# ARGUMENT

In this case, the appellants (collectively, "Sunoco Pipeline") wisely appealed the district court's remand under CAFA's local-controversy exception by filing both a notice of appeal under 28 U.S.C. § 1291 and a petition for review under 28 U.S.C. § 1453.  This Court should clarify that only a notice of appeal under § 1291 is required for such appeals, and proceed with the merits of this appeal.

## I.   Appeals of remand orders under the CAFA exceptions can be brought as of right under § 1291 and do not require § 1453 petitions.

### A.   CAFA exception remands are a form of abstention and not "defects" in the original removal.

The Chamber will not belabor the jurisdictional points made by Sunoco Pipeline in its opening brief.  *See* Fed. R. App. P. 29(a); Sunoco Op. Br. at 34–54.  Simply put, as a matter of first principles, remand orders qualify as appealable "final orders" under 28 U.S.C. § 1291.  *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).  To be sure, 28 U.S.C. § 1447(c) and § 1447(d) exclude many remand orders from review.  In particular, remand orders based on lack of subject-matter jurisdiction or any other "defect" cannot be reviewed.  *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 352–53 (1976).  But

any *other* remand orders remain appealable as of right under § 1291. Remand orders under the CAFA exceptions at § 1332(d)(3)–(4) fall in that appealable category.

First, these CAFA exceptions (often called the local-controversy, home-state, and discretionary exceptions) are not based on a lack of subject-matter jurisdiction. *See Adams v. West Marine Prods., Inc.*, 958 F.3d 1216, 1223 (9th Cir. 2020) (calling CAFA exception remands "not jurisdictional" but instead "a form of abstention"). For example, the "local controversy provision, which is set apart from the above jurisdictional requirements in the statute, inherently recognizes the district court has subject matter jurisdiction by directing the court to 'decline to exercise' such jurisdiction when certain requirements are met." *Graphic Comm'ns Loc. 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007) (noting that the CAFA exceptions "require federal courts—although they have jurisdiction under § 1332(d)(2)—to '*decline to exercise jurisdiction*' when the criteria set forth in those provisions are met"). In sum, "rather than divesting a court of jurisdiction, the local controversy exception operates

4

as an abstention doctrine." *Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016).

Second, the CAFA exceptions are not "defects" under § 1447(c). Section 1447(c) does not define the "defect[s]" that may constitute grounds for remand, but the relevant edition of Black's Law Dictionary defines "defect" as "the want or absence of some legal requisite; deficiency; imperfection; insufficiency." *Black's Law Dictionary* 418 (6th ed. 1990). Webster's Dictionary defines "defect" as "want or absence of something necessary for completeness, perfection, or adequacy in form or function." *Webster's Third New International Dictionary* 591 (1981). These definitions suggest that "defect" refers to a problem with the removal itself, not the existence of a later-proven statutory exception.

Further, reading "defect" more broadly, to be "synonymous with 'any remandable ground,'" would "render the term 'defect' superfluous." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999). For the word "defect" to mean something in § 1447(c), the best "construction of the statute is that the term 'defect' refers to removal defects." *Id.* Thus, remand issues that are "external to the removal process" do "not render the removal 'defective.'" *Id.* (citing the "ordinary sense of the word").

All courts of appeals to squarely consider the question have agreed. *E.g.*, *Autoridad de Energía Eléctrica de Puerto Rico v. Ericsson Inc.*, 201 F.3d 15, 17 (1st Cir. 2000) (defining "defect" as "the failure to comply with the various requirements for a successful removal"); *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1097 (10th Cir. 2017) ("We agree with *Snapper* and other circuits that this statutory history shows that 'any defect' is limited to a failure to comply with the statutory requirements for removal."); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198 (4th Cir. 2008) (describing "defect" in § 1447(c) as meaning "a procedural defect timely raised").

The CAFA exceptions are not "defects" under this test. As this case shows, they require litigation and evidence, placing burdens on the parties to prove statutory elements to warrant a remand. *McLaren v. UPS Store Inc.*, 32 F.4th 232, 242 (3d Cir. 2022) (noting that "fact gathering may be needed to determine if each element of the local controversy exception is met"). Proving a CAFA exception applies in the weeks or months after a removal does not create a "defect" in the removal itself. That is, "a determination that a federal court should abstain in a particular case . . . does not mean the removal was

6

defective." *Snapper*, 171 F.3d at 1253. One would not say, for instance, that a complaint had a "defect" just because the plaintiff's side lost after trial. Similarly, a removal does not have a "defect" just because the opponent later manages to prove a CAFA exception applies.

In sum, this is now hornbook law: "An order remanding after removal under the Class Action Fairness Act . . . can be appealed as of right [under § 1291], and § 1447(d) does not bar review if the remand is based not on a lack of jurisdiction but on a decision to decline jurisdiction under the local-controversy exception or the home-state exception." Wright & Miller, et al., Fed. Prac. & Proc. § 3931.2 (3d ed. 2023).

## B. Section 1453 is not an exclusive path.

The appellees in this case have contended that, despite all of this, § 1453 is meant to be *exclusive* and to unseat § 1291 any time they otherwise might both apply. The Fourth Circuit recently grappled with this theory at length and rightly rejected it. *See Skyline Tower Painting, Inc. v. Goldberg*, 148 F.4th 209, 218–19 (4th Cir. 2025).

In fact, §§ 1291 and 1453 are "complementary, not contradictory." *Id.* at 219. As the Fourth Circuit explained, § 1453 still has plenty of

work to do regardless of § 1291.  For instance, any order *denying* a CAFA remand would be appealable solely through § 1453, because it would not be an otherwise final order.  *See* 28 U.S.C. § 1453(c)(1) ("[A] court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand.").  Even for some orders *granting* remands, including those on jurisdictional grounds such as the amount-in-controversy, appellants must follow the § 1453 route based on how the Supreme Court has applied §§ 1446 and 1447 to § 1291.

The statutory scheme thus has ample room for § 1291 to apply to remands based on CAFA exceptions, while making § 1453 a necessary path in other situations.  Allowing appeals of such remands under § 1291 therefore does not render § 1453 superfluous.  "Section 1453(c) did not supplant § 1291 and become the lone vehicle by which an appellant can obtain review of a final order remanding class action litigation to state court; it simply permits certain appeals . . . that §§ 1447(d) and 1291 would have otherwise prohibited."  *Cheapside Materials*, 94 F.4th at 496.

Lastly, as the Fourth Circuit pointed out, "nothing in the plain text of § 1453 suggests it is the exclusive avenue for appealing all

remand orders based on CAFA exceptions." *Skyline* Tower, 148 F.4th at 219. CAFA was enacted long after the U.S. Supreme Court's narrowing jurisprudence on § 1447 was in place and well understood. Thus, there is no reason to think that by incorporating § 1447 into CAFA in 2005, Congress meant to "contradict preexisting Supreme Court precedent in order to eliminate the normal pathway of appellate review under section 1291." *Id.* at 219.

### C. All courts of appeals that have addressed this question agree.

Four circuits have addressed whether § 1291 allows appeals by right of remands under the CAFA exceptions in reasoned published opinions. All agree the answer is yes.

In *Simring v. GreenSky, LLC*, 29 F.4th 1262, 1266 (11th Cir. 2022), the Eleventh Circuit held that it had "appellate jurisdiction under Section 1291 alone" over an appeal of a remand under CAFA's local-controversy exception, and thus accepted and addressed GreenSky's appeal although it filed no § 1453 petition. Similarly, in *Jacks v. Meridian Resource Co.*, 701 F.3d 1224, 1228 (8th Cir. 2012), *abrogated on other grounds by BP PLC v. Mayor & City Council of Balt.*, 593 U.S. 230 (2021), the Eighth Circuit entertained a CAFA appeal

under § 1291 after *denying* permission to appeal the same order under § 1453.  *See also Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089, 1092 (8th Cir. 2021) (holding that "we have jurisdiction under § 1291 over this appeal" in which "[t]he sole issue . . . is whether CAFA's local-controversy exception requires remand in this case, as the district court found").

In *Cheapside Minerals, Ltd. v. Devon Energy Prod. Co.*, 94 F.4th 492, 496 & n.5 (5th Cir. 2024), the Fifth Circuit requested briefing on this topic and then agreed after extensive analysis to follow "persuasive authority," holding that CAFA exception remands allow an appellant to rely on § 1291.

As discussed, the Fourth Circuit recently joined this consensus as well.  In *Skyline Tower*, the issue presented on appeal was about the local-controversy exception to CAFA.  The court held that "consistent with the three other circuits to have considered this issue, we conclude that § 1291 provides a valid basis for appellate review here and, therefore, we dismiss the § 1453 petitions for permission to appeal as unnecessary."  148 F.4th at 214.

This Court should join this established consensus of the circuits that have considered this question.

## II.    Allowing defendants to appeal remands under § 1291 would increase efficiency for the Court and parties.

It would benefit this Court and the bar to make clear the circumstances in which § 1453 is needless and § 1291 provides a mechanism for appeal.  It would often be in courts' best interest to avoid the § 1453 route when § 1291 is sufficient, for several reasons.

### A.    Section 1453(c) requires a scramble by counsel and the courts.

First, § 1453 sets exceptionally short timelines for both counsel and the courts.  Counsel have only ten days to prepare an initial petition.  And then § 1453 requires the court to decide the entire appeal within 60 days.  28 U.S.C. § 1453(c)(2) ("If the court of appeals accepts an appeal under paragraph (1), the court shall complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed"); *id.* § 1453(c)(3) (allowing an extension of time that cannot exceed 10 days without all parties' consent).

That 60-day timeline is so tight that some courts have ruled that the 60-day clock does not begin until the petition is granted.  *See Scott*

11

*v. Cricket Commc'ns, LLC*, 865 F.3d 189, 193 n.2 (4th Cir. 2017).  This Court follows the same rule.  *Morgan v. Gay*, 471 F.3d 469, 472 (3d Cir. 2006) (noting disagreement by Judge Garza of the Fifth Circuit, who would hold that the 60-day period begins when the *petition* is filed).

Indeed, in practice it often takes more than 60 days from the filing of the petition just for a court to grant it, let alone decide the appeal. *E.g.*, *Browne v. Nat'l Collegiate Student Loan Trust,* 3d Cir. 23-8014 (granting a § 1453 petition 74 days after it was filed); *Zortea v. Costco Wholesale Corp.*, 3d Cir. 23-8009 (granting a § 1453 petition 81 days after it was filed); *Erie Ins. Exch. v. Erie Indemnity Co.*, 3d Cir. 22-8051 (granting a § 1453 petition 90 days after it was filed).

If a petition is granted, a scramble by the court and parties again ensues to get a case briefed, potentially argued, and decided within 60 more days.  This Court traditionally asks the parties up front whether they will agree to an extension.  When they do not agree, the Court sets a briefing schedule that imposes 10-day deadlines and leaves barely a month after the reply brief to decide the case.  *E.g.*, *Morgan v. Gay*, 3d Cir. 06-4497, Oct. 19, 2006 Order (granted October 19, 2006, reply brief filed November 14, submitted November 27, decided December 15);

*Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 n.7 (3d Cir. 2009) (noting that the parties agreed to a 45-day extension of the Court's deadline to decide the appeal); *Browne v. Nat'l Collegiate Student Loan Trust*, 3d Cir. 23-8014 June 2, 2023 Order (granting the petition, setting a 10-day deadline for opening and response briefs, and inviting the parties to agree to an extension for the Court, which they did not; decided August 1). The practice of asking litigants to agree to give the court more time is all the more odd given that petitioners are in no position to object to tight deadlines—after all, if the court simply fails to act within 60 days, their appeal is deemed denied. 28 U.S.C. § 1453(c)(4).

In short, while the text of § 1453 *sometimes* requires all of this burdensome procedure, when § 1291 applies and the process is unnecessary, it would be in the Court's and litigants' interest to avoid it.

## B.    Analyzing whether to accept a § 1453 appeal requires meaningful effort and analysis, worth avoiding when needless.

Next, § 1453 allows courts of appeals to entertain petitions for permission to appeal a remand order, but identifies no legal standard to

guide courts in exercising that discretion in making that decision. Indeed, in the 20 years since CAFA passed, this Court has not yet announced a standard for granting these petitions.

Other courts have mostly adopted a "non-exhaustive" eight-factor test governing whether a § 1453 appeal should be granted. *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 334 (4th Cir. 2019) (adopting the test). Section 1453 petitioners in this Court usually present argument under the same test. *See, e.g.*, *Atlas Data Privacy Corp. v. Blackbaud Inc.*, 3d Cir. No. 24-8044, Dkt. 1-1 at 5 ("In evaluating an appeal of a remand order under CAFA, circuit courts of appeal consider the following nonexhaustive list of factors . . ."); *Kiley v. Tumino's Towing*, 3d Cir. No. 21-8001, Dkt. 1-1, at 9 (saying that "several circuits have established factors that weigh in favor of reviewing this case"); *Castro v. Linden Bulk Transp. Co.*, 3d Cir. No. 20-8028, Dkt. 1-1, at 8 (discussing "factors to consider" from other circuits).

The non-exhaustive eight-factor test, in turn, invites parties to spill substantial ink over debatable, factually uncertain points including weighing "probable harm to the petitioners" against "probable

14

harm to the other parties," whether the "question is likely to recur," and whether the question seems "important." *Dominion Energy*, 928 F.3d at 334.

Most of these factors, of course, have nothing to do with the propriety of the remand in question. When a § 1291 appeal by right is available, briefing those factors is a wasteful sideshow for the parties, and analyzing them (or even analyzing whether and how to apply them on a case-by-case basis, in this Court) is equally wasteful of the Court's time.

## C.    CAFA exceptions are common bases for appeal and the dual practice of filing both a petition and notice of appeal is wasteful.

Lastly, the non-jurisdictional CAFA exceptions are common bases for appeal. This case, concerning the local-controversy exception, is one example. Other examples in this circuit include *Button v. Dollar General Corp.*, No. 23-8024 (local-controversy exception); *Castro v. Linden Bulk Transp. Co.*, No. 20-8028 (home-state exception); *Kiley v. Tumino's Towing Inc.*, No. 21-8001 (home-state exception); *Walsh v. Defenders, Inc.*, No. 18-8009 (home-state exception); *Garcia v. Tempoe LLC*, No. 18-8003 (local-controversy exception); *Kaufman v. Allstate*

15

*New Jersey Ins. Co.*, 561 F.3d 144 (3d Cir. 2009) (local-controversy exception).

Under the current system, prudent counsel facing remand under non-jurisdictional exceptions to CAFA should file two different appeals from the same remand order: a § 1453 petition and a § 1291 notice of appeal.  Counsel should file the § 1453 petition because this Court has not yet announced that it is unnecessary.  And they should also file a § 1291 notice of appeal, to preserve proper appeal rights and avoid a possible rapid denial of the § 1453 petition.  After all of this, there also could be a round of briefing on a motion to dismiss the § 1291 appeal, as occurred in this case.  *See* Dkt. 20 (Appellee's Motion to Dismiss); Dkt. 21 (Opposition); Dkt. 23 (Amicus); Dkt. 25 (Reply); Dkt. 28 (Order referring the motion to the merits panel).  The Court's current practice and lack of guiding precedent proliferates paperwork, runs up litigation costs, and requires more needless effort by this Court in time spent weighing permission to appeal even though by-right appeal is available.

**III.  This Court should resolve this appeal in light of governing precedent on plaintiffs' burden of proof and CAFA's objectives.**

As this appeal is proper, this Court should proceed to resolve it on the merits, guided by two key principles.

First, plaintiffs bear the burden of proof to satisfy the local-controversy exception. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 153–54 (3d Cir. 2009) (noting that other courts of appeals have "uniformly concluded" that the plaintiffs bear the burden to prove the local-controversy exception, and deciding to "join our sister circuits" on that point).

Second, as the Supreme Court has recognized, "CAFA's primary objective is to ensure Federal court consideration of interstate cases of national importance." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  In light of that objective, the Supreme Court has rejected any presumption against removal in CAFA cases. *Id.* at 89.  The Court has also embraced the purpose of CAFA by pointing out that "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal

17

court if properly removed by any defendant." *Id.* (citing S. Rep. No. 109-14, p. 43 (2005)).

To serve CAFA's purpose, courts should construe CAFA's grant of federal jurisdiction broadly and the "exceptions in a narrow fashion." *Dominion Energy*, 928 F.3d at 336.  For instance, in *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163–64 (11th Cir. 2006), the Eleventh Circuit held that the "language and structure of CAFA itself indicates that Congress contemplated broad federal court jurisdiction . . . with only narrow exceptions." *Id.*  Citing the same Senate Report in *Dart Cherokee* and *Dominion Energy*, the court found that "Congress intended the local controversy exception to be a narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case.'" *Id.* at 1163 (quoting S. Rep. No. 109-14 at p. 42).  Congress had explained that "the local controversy exception 'is a narrow exception that was carefully drafted . . . a federal court should bear in mind that the purpose of each of these criteria is to identify a truly local controversy— a controversy that uniquely affects a particular locality to the exclusion of all others.'" *Id.* at 1163–64 (quoting S. Rep. No. 109-14 at p. 39).

Other circuits have since agreed. *See Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 337 (5th Cir. 2016) ("Congress crafted CAFA to exclude only a narrow category of truly localized controversies . . . the language, structure, and history of CAFA all demonstrate that Congress contemplated broad federal court jurisdiction with only narrow exceptions."); *Benko v. Quality Loan Service Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015) (announcing that "we agree" with the Eleventh Circuit in *Evans*, and that "[w]e recognize that the local controversy exception is a narrow one, particularly in light of the purposes of CAFA").

## CONCLUSION

For these reasons, the Court should hold that appellate jurisdiction is proper under § 1291 and proceed to resolve the merits of the appeal, guided by the plaintiffs' burden of proof and CAFA's purposes.

Dated: October 13, 2025          Respectfully submitted,

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald
(Virginia Bar No. 76725)
McGuireWoods LLP
Gateway Plaza

800 East Canal Street
Richmond, VA 23219
T: (804) 775-4716
F: (804) 698-2251
mfitzgerald@mcguirewoods.com

Jonathan D. Urick
Audrey Dos Santos
U.S. CHAMBER LITIGATION CENTER
1615 H Street NW
Washington, DC 20062

*Counsel for Amicus Curiae*
*Chamber of Commerce*
*of the United States of America*

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 29(a)(5) because it contains 3,777 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2.  This brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it has been prepared in a proportionally spaced Century Schoolbook typeface using Microsoft Word, in 14-point size.

3.  The text of this brief is identical to the text in any paper copies.

4.  At least one attorney whose name appears on this brief is a member of the bar of this Court.

5.  An electronic version of this brief has been scanned for viruses using CrowdStrike Falcon Sensor (V. 7.14.18408.0), and no virus was detected.

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2025, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system.  All participants in the case are registered CM/ECF users and will be served by the system.

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald