No. 25-2152

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

SUNOCO PIPELINE L.P., ENERGY TRANSFER LP, and
ENERGY TRANSFER (R&M), LLC,

*Appellants,*

v.

DANIEL LA HART and KATHERINE LA HART,

*Appellees.*

Appeal from the June 13, 2025 Order of the United States District Court
for the Eastern District of Pennsylvania, U.S. District Judge Mia R. Perez,
Case No. 2:25-cv-02072-MRP

## APPELLEES' RESPONSE TO APPELLANTS' MOTION TO
## SUPPLEMENT THE RECORD OR FOR JUDICIAL NOTICE

SHANON J. CARSON
Y. MICHAEL TWERSKY
JOSEPH E. SAMUEL, JR.
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-4656

*Counsel for Appellees-Plaintiffs*

Appellees-Plaintiffs Daniel La Hart and Katherine La Hart ("Appellees") respectfully submit this Response to the motion filed by Appellants-Defendants Sunoco Pipeline, L.P. ("SPLP"), Energy Transfer LP ("ETLP"), and Energy Transfer (R&M) LLC ("R&M") (together, "Appellants") seeking to supplement the record or take judicial notice of a letter issued by the Pennsylvania Department of Environmental Protection ("PADEP") on July 14, 2025 ("July 14 Letter").

Appellees do not oppose Appellants' request to supplement the record to include the July 14 Letter.[1] Appellants raise arguments based on the July 14 Letter in their opening brief, and as such Appellees will need to address those arguments, which are incorrect, in their response brief. *See* Brief for Appellants at 14-15, 33.

While Appellees do not oppose the July 14 Letter's inclusion in the record, Appellees dispute Appellants' mischaracterizations of the July 14 Letter and its implications for the district court's finding that R&M forms a "significant basis" for Appellees' tort claims stemming from a leak in Appellants' petroleum pipeline for purposes of the local controversy exception to the Class Action Fairness Act. *See* JA10-12.

As Appellees will establish in their response brief, the July 14 Letter does not contradict PADEP's earlier findings regarding R&M's role. The plain purpose of the

---

[1] Appellees take no position on the issue of whether the July 14 Letter can properly be judicially noticed by an appellate court, but because Appellees do not oppose the letter's inclusion in the record, this aspect of Appellants' requested relief is moot.

letter is to add a responsible party—ETLP—which was "not one of the named entities" in the Administrative Order but which PADEP subsequently learned was the "ultimate parent corporation" for SPLP. Mot. to Supp., Ex. 1. The July 14 Letter does not limit PADEP's view of the responsible parties to only SPLP and ETLP; it merely states that, *to date*, PADEP "has looked to SPLP, and its ultimate parent corporation Energy Transfer LP, to perform the response, investigation, and remediation necessary to address the contamination resulting from the release from SPLP's pipeline." *Id.* (emphasis added). Indeed, while PADEP has yet to require an individual "response" from R&M, it also explained that it "retains the right to enforce its Order" against R&M. *Id.*[2]

Appellees also intend to argue that this Court is not best suited to resolve factual issues that have not been considered by the district court, such as the meaning and implications of the July 14 Letter, which did not exist when the district court remanded this case to state court.

---

[2] Likewise, while Appellees do not oppose the request by Appellants to supplement the record, Appellees do disagree that the "July 14 Letter underscores 'beyond any doubt' that the local controversy exception does not apply." Motion at 4-5 (citation omitted). If anything, for the reasons set forth herein and in Appellees' forthcoming response brief, the July 14 Letter further supports the district court's reasoning that R&M is a defendant "from whom significant relief is sought" and "whose conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II).

Dated: October 16, 2025

Respectfully submitted,

*/s/ Joseph E. Samuel, Jr.*
Shanon J. Carson (Bar No. 85957)
Y. Michael Twersky (Bar No. 312411)
Joseph E. Samuel, Jr. (Bar No. 327645)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-4656
scarson@bergermontague.com
mitwersky@bergermontague.com
jsamuel@bergermontague.com
*Counsel for Appellees-Plaintiffs*

# COMBINED CERTIFICATES OF COMPLIANCE

I hereby certify as follows:

1.     Pursuant to this Court's Local Appellate Rules 28.3(d) and 46.1(e), as the signatory of the foregoing Document, I am admitted and a member in good standing at the Bar of this Court.

2.     This Document complies with the requirements of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Rules 27(a)(2)(B) and 32(f), it contains fewer than 5,200 words (specifically, it contains 514 words), as counted using the word-count function on the Microsoft Word software.

3.     This Document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word with 14-point Times New Roman font.

4.     The text of the electronic Document is identical to the text in any paper copies.

5.     A virus detection program has been run on the file, and no virus was detected. The virus detection program used is Microsoft Defender Antivirus.

Dated: October 16, 2025          */s/ Joseph E. Samuel, Jr.*
                                   Joseph E. Samuel, Jr.

# CERTIFICATE OF SERVICE

I, Jospeh E. Samuel, Jr., Counsel for Appellees, certify that, on October 16, 2025, I electronically filed the foregoing Response to Appellants' Motion to Supplement the Record or for Judicial Notice to this Court with the Clerk of the Court for the United States Court of Appeals for the Third Circuit via this Court's CM/ECF system.

I further certify that the foregoing Document was served electronically upon each of the following registered users by filing it via the Court's CM/ECF system:

Diana Amaral Silva
Robert D. Fox
Laura Hughes McNally
Cassidy Duckett Britt
Drew Cleary Jordan
Duke K. McCall III
Bryan M. Killian

*Counsel for Sunoco Pipeline L.P., Energy Transfer LP, and Energy Transfer (R&M) LLC*

Matthew A. Fitzgerald

*Counsel for Amicus Curiae Chamber of Commerce of the United States of America*

Dated: October 16, 2025

/s/ *Joseph E. Samuel, Jr.*
Joseph E. Samuel, Jr.