No. 25-2152

IN THE

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

DANIEL LA HART; KATHERINE LA HART,

*Appellees,*

v.

SUNOCO PIPELINE L.P.; ENERGY TRANSFER LP; ENERGY TRANSFER (R&M) LLC,

*Appellants.*

On appeal from the
United States District Court
for the Eastern District of Pennsylvania
No. 25-2072, Hon. Mia Roberts Perez

# APPELLANTS' REPLY BRIEF

LAURA HUGHES MCNALLY
MORGAN, LEWIS & BOCKIUS LLP
2222 Market St.
Philadelphia, Penn. 19103
(215) 963-5257

CASSIDY DUCKETT BRITT
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market St., Ste. 2201
Wilmington, DE 19801
(302) 574-7246

BRYAN KILLIAN
DUKE K. MCCALL III
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
(202) 739-3000
bryan.killian@morganlewis.com

*Counsel for Sunoco Pipeline L.P., Energy Transfer LP, and Energy Transfer (R&M) LLC*

# CONTENTS

Page

CONTENTS..................................................................................i

AUTHORITIES ........................................................................ii

GLOSSARY ..............................................................................iv

INTRODUCTION...................................................................... 1

ARGUMENT ............................................................................. 3

I. CAFA'S LOCAL CONTROVERSY EXCEPTION DOES NOT
APPLY. ............................................................................... 3

    A. The Court's review of the district court's remand order
based on the local controversy exception is *de novo*............. 4

    B. The district court did not perform the required comparative analysis....................................................................5

    C. R&M's conduct is not a "significant basis" for the La
Harts' claims. ...................................................................7

    D. The district court's consideration of Appellants' evidence in its fraudulent joinder analysis has no bearing
on whether the La Harts were relieved of their burden
to invoke the local controversy exception. ...........................12

II. THIS COURT HAS APPELLATE JURISDICTION. ................... 14

    A. Section 1453 does not foreclose Appellants' right of appeal of an abstention-based remand order under Section 1291........................................................................ 16

    B. The 1996 amendments to Section 1447 do not mean
that the local controversy exception is a "defect." ...............19

CONCLUSION .......................................................................... 22

COMBINED CERTIFICATE OF COMPLIANCE..............................23

# AUTHORITIES

CASES

*Abraham v. St. Croix Renaissance Grp., L.L.L.P.,*
719 F.3d 270 (3d Cir. 2013) .... 5, 17, 18

*Batoff v. State Farm Ins. Co.,*
977 F.2d 848 (3d Cir. 1992) ... 13

*BP P.L.C. v. Mayor & City Council of Balt.,*
593 U.S. 230, 141 S. Ct. 1532 (2021) ..................................... 16

*In re Briscoe,*
448 F.3d 201 (3d Cir. 2006) ... 13

*Carlsbad Tech., Inc. v. HIF Bio, Inc.,*
556 U.S. 635 (2009) ............... 17

*Cheapside Mins., Ltd. v. Devon Energy Prod. Co.,*
94 F.4th 492 (5th Cir. 2024) .. 15

*Cisneros v. Alpine Ridge Grp.,*
508 U.S. 10 (1993) ................. 18

*Clark v. Martinez,*
543 U.S. 371 (2005) .............. 17

*Cook v. Wikler,*
320 F.3d 431 (3d Cir. 2003) ... 20

*Dutcher v. Matheson,*
840 F.3d 1183 (10th Cir. 2016) ................................................. 12

*Guerro-Sanchez v. Warden York Cnty. Prison,*
905 F.3d 208 (3d Cir. 2018), *abrogated by Johnson v. Arteaga-Martinez,* 596 U.S. 573 (2022) ..................................... 15

*Hood v. Glister-Mary Lee Corp.,*
785 F.3d 263 (8th Cir. 2015) .. 12

*Kamm v. ITEX Corp.,*
568 F.3d 752 (9th Cir. 2009) . 20, 21

*Kaufman v. Allstate N.J. Ins. Co.,*
561 F.3d 144 (3d Cir. 2009) 3, 5, 6, 7

*Kitchin v. Bridgeton Landfill, LLC,*
3 F.4th 1089 (8th Cir. 2021) .. 15

*Simring v. GreenSky, LLC,*
29 F.4th 1262 (11th Cir. 2022) ................................................. 15

*Skyline Tower Painting, Inc. v. Goldberg,*
148 F.4th 209 (4th Cir. 2025) 15, 20

*Stelman v. Amazon.com, Inc.*,
No. 23-35135, 2023 WL
7017093 (9th Cir. Oct. 25, 2023)
............................................. 15

*Thermtron Products, Inc. v.
Hermansdorfer*,
423 U.S. 336 (1976) ........ 17, 20

*Vodenichar v. Halcon Energy
Props., Inc.*,
733 F.3d 497 (3d Cir. 2013) . 4, 5

*Walsh v. Defenders, Inc.*,
894 F.3d 583 (3d Cir. 2018) ..... 5

STATUTES

28 U.S.C.
§ 1291 ........................ 14, 15, 19
§ 1332 ............................. 3, 4, 7
§ 1447 ............................. *passim*
§ 1453 ............................. *passim*

OTHER AUTHORITIES

151 Cong. Rec. H723–01 (daily
ed. Feb. 17, 2005) .................. 11

S. Rep. No. 109–14 (2005) ..... 11

# GLOSSARY

| | |
|---|---|
| AOB | Appellants' Opening Brief |
| CAFA | Class Action Fairness Act |
| Energy Transfer | Energy Transfer, LP |
| PADEP | Pennsylvania Department of Environmental Protection |
| Pipeline | Pipeline owned and operated by SPLP that carries petroleum product from the Twin Oaks terminal in Aston, Delaware County, to the Newark terminal in New Jersey |
| RB | Appellees' Response Brief |
| R&M | Energy Transfer (R&M), LLC |
| Release | The release of petroleum product from the Pipeline in Upper Makefield Township, Bucks County, Pennsylvania |
| SPLP | Sunoco Pipeline, L.P. |

# INTRODUCTION

The only question presented by this appeal is whether the conduct of the sole local defendant, R&M, forms a "significant basis" for the claims asserted in the La Harts' putative class-complaint. It does not, so CAFA's local controversy exception does not apply, and the district court's remand order must be reversed.

Of their fifty-four-page brief, the La Harts dedicate only a few pages to the local controversy question, arguing that a single state administrative order, wherein R&M was mistakenly named as SPLP's parent, is "adequate to justify" remand. RB 51. The La Harts' cursory argument and singular reliance on the order—which Appellants have refuted as misplaced and beside the point—ignore this Court's CAFA precedent. They avoid engaging with what they know to be true: R&M's conduct is not an *alleged* basis for their claims, let alone a *significant* basis.

The bulk of the La Harts' brief focuses on appellate jurisdiction, an effort to avoid this Court's review of the district court's erroneous remand order. But the Court's jurisdiction is secure, both under Section 1291 and under Section 1453. Either way, the question before the Court is the same: Under CAFA, can a plaintiff establish that the lone local

defendant's conduct forms a "significant basis" for class claims simply by noting that one state administrative order erroneously names that defendant as the corporate parent of the primary non-local defendant, and with no analysis of the actual claim or alleged conduct of the other defendants?

The answer is no. R&M is not SPLP's corporate parent, has nothing to do with the Pipeline or Release, and has nothing to do with the La Harts' claims. The requirements for the local controversy exception are not satisfied, so the remand order must be reversed.

# ARGUMENT

## I.    CAFA's local controversy exception does not apply.

CAFA provides for "federal court consideration of interstate cases of national importance." AOB 19 (quoting *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 149 (3d Cir. 2009)). There is no genuine dispute that this case meets the elements for CAFA jurisdiction because: (1) the putative class exceeds 100 members; (2) the amount in controversy exceeds $5 million; and (3) a class member is a citizen of a different state than a defendant.[1] The dispute centers on CAFA's narrow local controversy exception, set forth in Section 1332(d)(4)(A), which requires a federal court to decline to exercise jurisdiction when a CAFA-removed case involves a "uniquely local" controversy. *Kaufman*, 561 F.3d at 149.

The exception applies only when the plaintiff proves by preponderance of evidence that six statutory elements are satisfied. *See*

---

[1] Even though the satisfaction of those elements has never been in dispute, the La Harts assert that the requirements of Section 1332(d)(2) are not satisfied because the local controversy exception applies. RB 3–4. That assertion conflates Section 1332(d)(2)'s jurisdictional elements with Section 1332(d)(4)(A)'s distinct elements for the local controversy exception, which the La Harts have rightly acknowledged is not jurisdictional. *See* RB 33; Mot. 18 & n.7.

*Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 506–07 (3d Cir. 2013). The only element at issue in this appeal is the "significant basis" requirement, set forth in Section 1332(d)(4)(A)(i)(II)(bb)—that is, whether the La Harts carried their burden to show that the "alleged conduct" of the lone local defendant, R&M, forms a "significant basis" for their claims. *See* AOB 21; RB 44–45; JA11–12. The La Harts do not demonstrate that R&M even engaged in conduct related to their claims, so the "significant basis" requirement is not satisfied.

### A. The Court's review of the district court's remand order based on the local controversy exception is *de novo.*

As a threshold issue, the La Harts repeatedly attempt to frame the standard of review of the remand order as "clear error." RB 2, 14, 42–43, 45, 51. They claim Appellants are challenging the district court's "factual findings" regarding the March 6 PADEP Administrative Order. RB 2, 45–47, 52, 54. That contention is false. The district court did not render factual findings, and Appellants do not challenge factual findings in any event. The facts, such as they are, are undisputed: PADEP named R&M in the Order, and R&M did not formally appeal it. AOB 7–10; *see* JA12. The questions on appeal are questions of law downstream of those facts: whether the district court, relying on that Order, improperly determined

that R&M's conduct forms a "significant basis" for the La Harts' claims, and whether the court placed the burden of proof on the wrong party. *See* AOB 21–22, 29–33.

It is settled that this Court reviews questions of law, including questions of jurisdiction and statutory interpretation, *de novo. See* AOB 19; *see, e.g., Kaufman*, 561 F.3d at 151 (conducting plenary review of remand order based on local controversy exception); *Vodenichar*, 733 F.3d at 497 (same); *Walsh v. Defenders, Inc.*, 894 F.3d 583, 586 (3d Cir. 2018) (same). This Court reviews the district court's application of law to the facts alleged in a complaint *de novo. Abraham v. St. Croix Renaissance Grp., L.L.L.P.*, 719 F.3d 270, 275 n.5 (3d Cir. 2013). Either way, this Court's review here is plenary.

### B. The district court did not perform the required comparative analysis.

"Whether the local defendant's alleged conduct is significant" for the purposes of the local controversy exception "*cannot be decided* without comparing it to the alleged conduct of all Defendants." *Kaufman*, 561 F.3d at 157 (emphasis added); *see* AOB 21–22. The district court entirely failed to undertake that comparison. Like the La Harts, the district court

only pointed to the PADEP Order and that R&M did not appeal it. AOB 21–22; *see* JA12.

The La Harts do not meaningfully contest that the district court failed to follow this Court's clear directive to undertake a comparative analysis. Instead, they recite *Kaufman*'s requirement and assert that "[t]he District Court did just that" by "analyzing the Administrative Order to determine that [PA]DEP views R&M as 'operationally or corporately responsible' for the Leak 'and not some nominal party.'" RB 51. That line from the district court's opinion is not a comparative analysis; it is speculation about the agency's rationale for issuing the Order to R&M. Such speculation falls woefully short of "*comparing* the local defendant's alleged conduct to the *alleged conduct of all the Defendants*" to decide whether the former forms a "significant basis" for the class claims. *Kaufman*, 561 F.3d at 156 (emphasis added).

The La Harts are wrong to insist that the PADEP's Order is "more than adequate to justify the District Court's determination that R&M's conduct formed a significant basis for [their] claims." RB 51. A district court cannot just focus on a single allegation (or extrinsic document) "to justify" a conclusion that the "significant basis" element is satisfied. Any fact considered in isolation is inherently not comparative. Thus, a court

"must always" assess the local defendant's alleged conduct "in comparison to the alleged conduct of all the Defendants." *Kaufman*, 561 F.3d at 157.

Appellants agree that the "significant basis" analysis may be informed by the factors identified in *Kaufman*. *See* RB 51 & n.18; *see also* AOB 21–22. But here, the district court did not discuss or identify those factors. JA12. The court did not discuss the alleged conduct of R&M, of which there is none, or the conduct of the non-local defendant, SPLP, on which all the La Harts' claims rely. AOB 22–23; *see* JA12. The district court thus failed to comport with the statute, which "relates the local defendant's 'alleged conduct' to the alleged conduct of all the Defendants." *See Kaufman*, 561 F.3d at 157 (discussing 28 U.S.C. § 1332(d)(4)(A)(i)(II)). No matter how the La Harts try to contort the district court's abridged analysis, it does not constitute comparison.

## C. R&M's conduct is not a "significant basis" for the La Harts' claims.

*All* of the alleged conduct relevant to the La Harts' claims was performed by SPLP and its indirect parent, Energy Transfer, both of which are non-local defendants. *None* of the alleged conduct was performed by R&M:

- SPLP (1) owns and operates the Pipeline, (2) maintains a leak detection system on the Pipeline, (3) controls the operating pressure of the Pipeline, (4) conducted all investigations of odor complaints in the La Harts' neighborhood, which included collecting water and soil samples, performing a variety of tests, and excavating a portion of the Pipeline, and (4) investigated the Release and repaired the Pipeline. JA250–57, JA325, JA628–31. All the La Harts' claims are based on that conduct. JA89–96. SPLP has also corresponded with regulators, publicly accepted responsibility for the Release, repeatedly appeared at public events about the Release and remediation, and is engaged in ongoing investigation and remedial actions, as required by PADEP's Administrative Order. AOB 22–23, 31, 33; Mot. to Supp., Ex. 1.

- The La Harts allege Energy Transfer is responsible for the Release based on its role as the ultimate parent company of SPLP. JA46 (¶ 34); *see* JA249, JA326. Employees of Energy Transfer have assisted SPLP in responding to the Release, complied with the directives of state and federal agencies regarding the Release, and kept those agencies and the public informed about the progress of the ongoing investigative and remedial actions. JA247–62; JA264–66; JA268–71; JA 313–22; JA494; JA507–11; JA617–22; JA628–35.

• As to R&M, the La Harts' complaint contains no allegations about its conduct. AOB 23–28. R&M has no active business operations, is not a parent entity of SPLP, and is not involved with the Pipeline or Release. AOB 23–24. PADEP has never asserted that R&M is responsible for the Release and has never sought response, investigation, or remediation from R&M related to the Release. AOB 31, 33; Mot. to Supp., Ex. 1.

The La Harts contest none of those allegations. Like the district court, they cling to thinnest of reeds—that R&M was named in one PADEP Order. RB 46–47, 51–53. But that fact is, and always has been, a non sequitur. Merely being *named* in one Order says nothing about R&M's *conduct* and so cannot support an argument that R&M's (nonexistent) conduct forms a significant basis for the La Harts' claims.[2]

The La Harts do not dispute that in PADEP's follow-up letter, the agency clarified that it "has not sought response, investigation, or remediation actions from" R&M. They do not dispute that PADEP sent

---

[2] Because the Order is immaterial to the local controversy exception, the La Harts' argument that R&M is "legally bound" by the Order (because it didn't appeal) is equally immaterial. RB 9. Appellants' objection to the La Harts' reliance on the Order is not a collateral attack on the Order itself. Valid or invalid, the Order does not demonstrate that R&M's alleged conduct forms a significant basis for the La Harts' claims.

the letter, do not dispute its contents, and do not oppose Appellants' motion to supplement the record to include it. *See* RB 53–54; Doc. 41. The La Harts vaguely claim the letter introduces "disputed facts" on appeal, but they do not identify any particular factual disputes. They point to no allegation or evidence suggesting that PADEP has, contrary to its statement in the follow-up letter, sought response, investigation, or remediation actions from R&M.

To deflect the force of the follow-up letter, the La Harts note PADEP's statement that it "retains the right to enforce its Order" against R&M. RB 13. That's an incomplete and misleading partial quotation. What PADEP actually wrote is conditional: "*If* new information reveals that Energy Transfer (R&M), LLC had responsibility over the pipeline, or was otherwise responsible for the release from SPLP's Twin Oaks – Newark pipeline, the Department retains the right to enforce its Order against Energy Transfer (R&M), LLC." Mot. to Supp., Ex. 1. The follow-up letter does not grant R&M perpetual immunity, but, again, that's not why the follow-up letter matters. It matters because it shows that the district court misunderstood the original Order and because it confirms the absence of support for the La Harts' assertion that R&M's alleged conduct forms a significant basis for their claims.

The La Harts try to blame Appellants (RB 48–49) for opposing jurisdictional discovery into Appellants' "organizational and corporate structure as it relates to the … Pipeline for the past five (5) years." JA341. Such burdensome discovery was (and still is) unnecessary because the Order was (and still is) the La Harts' sole admitted reason for suing R&M and for seeking a local-controversy remand. *See* JA610. No amount of discovery, let alone discovery into Appellants' corporate structure, would demonstrate the R&M's conduct forms a significant basis of Appellants' claims. It would only have wasted the district court's and the parties' time and resources, contrary to Congress's intent in enacting CAFA "to encourage the exercise federal jurisdiction over class actions," which is supported by using "[l]ess burdensome means" to create a record on which jurisdictional determinations can be made. S. Rep. No. 109–14, at 44 (2005).

This case is not a "quintessential example of the local controversy exception" as "specifically identified" by Congress. RB 44 n.16. The specific example the La Harts compare this case with relates to the *fifth* element of the local controversy exception—that the principal *injuries* alleged by a class occurred in the state in which the action was originally filed. *See* 151 Cong. Rec. H723–01, at H728 (daily ed. Feb. 17, 2005)

(statement of Rep. Sensenbrenner). That element is not in dispute here. AOB 20–21; RB 44; JA11. This appeal concerns the distinct question whether a local defendant's alleged *conduct* forms a significant basis of the claims. The La Harts' attempted sleight-of-hand confirms that district court's remand order is unsustainable.

> **D. The district court's consideration of Appellants' evidence in its fraudulent joinder analysis has no bearing on whether the La Harts were relieved of their burden to invoke the local controversy exception.**

As the party objecting to the exercise of original jurisdiction under CAFA, the La Harts bore the burden to show by a preponderance of evidence that the local controversy exception applies. *See* AOB 29–30. To hold the La Harts to that burden, the district court had to resolve any doubt about the applicability of the exception against them. *See id.*; *see also Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016) (explaining that all doubts about the applicability of the exception are resolved "in favor of exercising jurisdiction over the case"); *Hood v. Glister-Mary Lee Corp.*, 785 F.3d 263, 265–66 (8th Cir. 2015) (concluding that district court erred by resolving doubt about citizenship of class members in favor of party seeking remand). Despite reciting the proper standard, the district court failed to follow it. AOB 29–33.

The La Harts argue that the district court properly held them to their burden because the court considered Appellants' "evidence"—Appellants' "characterization of the PADEP's findings as a clerical mistake"—as part of its fraudulent joinder analysis. RB 47–48 (quoting JA9-10). The La Harts quote that single sentence, wherein the district court concluded that Appellants' characterization "is not dispositive at this stage," so R&M was not fraudulently joined. RB 48 (quoting JA9–10). Based on this, the La Harts say that the district court "did not 'ignore'" Appellants' evidence but "simply found" that it "was not dispositive as to whether the local controversy exception applied." RB 48.

The La Harts' argument conflates distinct questions and differing burdens. For purposes of fraudulent joinder, the *removing party* bears the burden of persuasion in opposing remand, and the district court considers whether "there is no reasonable basis in fact or colorable ground" supporting joinder of the party in question. *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992)).[3] For purposes of the local controversy

---

3 While the district court engaged in a fraudulent joinder analysis, Appellants never argued that remand was improper based on fraudulent joinder.

exception, the *party seeking remand* bears the burden, and all doubts are resolved in favor of keeping the case. *See* AOB 19–21. The La Harts cannot swap one legal analysis for another. Accordingly, the district court's fraudulent joinder analysis does not show that Appellees met their burden on the local controversy exception.

## II.   This court has appellate jurisdiction.

The district court's remand order is appealable as of right under Section 1291. *See* AOB 34–53. Local-controversy remands are abstention-based remands, not remands based on lack of subject-matter jurisdiction or a defect in removal proceedings. Section 1447(d) therefore does not bar appellate review of local-controversy remands. *See* AOB 35–44. The plain language of CAFA does not change that: Section 1291 and Section 1453(c) are complementary statutes granting jurisdiction—over final orders (Section 1291) and over orders concerning CAFA remands (Section 1453(c))—and the fact that both confer jurisdiction in this single situation does not mean they conflict or that one trumps the other. *See* AOB 45–49.[4]

---

4   Even the La Harts acknowledge that, at a minimum, the Court may exercise discretion to review the remand order under Section

(footnote continued on next page)

All four courts of appeals that have considered the question agree that Section 1453(c) is not the only pathway for appellate review of local-controversy remands. *See* AOB 35–39, 49–53 (discussing *Skyline Tower Painting, Inc. v. Goldberg*, 148 F.4th 209 (4th Cir. 2025), *Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089 (8th Cir. 2021), *Simring v. GreenSky, LLC*, 29 F.4th 1262 (11th Cir. 2022), and *Cheapside Mins., Ltd. v. Devon Energy Prod. Co.*, 94 F.4th 492 (5th Cir. 2024)).[5] The La Harts identify no "compelling basis" for this Court to open up a conflict with its sister circuits. *See Guerro-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 227 (3d Cir. 2018), *abrogated by Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022) ("We are … reluctant to create a circuit split, and only do so where a compelling basis exists." (cleaned up)). They only repeat the same arguments they raised in their Motion to Dismiss

---

1453(c). Even though Appellants' Section 1453(c) petition is separately docketed, the La Harts use a portion of their brief here to express their objections to that petition. *See* RB 39–42. Whether this Court should grant Appellants' application for leave to appeal pursuant to Section 1453(c) has already been fully briefed. *See* Docs 1 & 12, *La Hart v. Sunoco Pipeline LP, et al.*, C.A. No. 25-8027 (3d Cir. June 23, 2025).

5   In an unpublished opinion, the Ninth Circuit also agreed that local-controversy remands are appealable under Section 1291. AOB 49 n.8 (citing *Stelman v. Amazon.com, Inc.*, No. 23-35135, 2023 WL 7017093, at *1 (9th Cir. Oct. 25, 2023)).

for Lack of Jurisdiction. *Compare* RB 15–38, *with* Mot. 3–21. Appellants have already refuted those arguments in their Opening Brief here. *Compare* AOB 34–53, *with* Opp. to Mot. 5–24. Still, Appellants offer a few more responses.

A.     Section 1453 does not foreclose Appellants' right of appeal of an abstention-based remand order under Section 1291.

*First*, the La Harts argue that those four courts of appeals "neglected to abide by the plain statutory language of [S]ection 1453(c)." RB 24. According to the La Harts, the "plain language" of Section 1453(c)—its express incorporation of Section 1447, followed by its "notwithstanding" clause—makes Section 1453(c) function like a new exception to Section 1447(d). RB 15–26; *see id.* at 23 (asserting that Section 1453(c) "should be read to explicitly insert *into* [S]ection 1447(c) an additional remand ground" barred by Section 1447(d)). The La Harts' interpretation of the statutes is anything but plain.

For one thing, the La Harts' interpretation rests on an elementary misunderstanding of Section 1447(d) as prohibiting all appeals of all remand orders. *See* RB 21–23. Section 1447(d) prohibits appeals of only two discrete subsets of remand orders—those based on either a lack of subject-matter jurisdiction or a removal defect. *See BP P.L.C. v. Mayor*

*& City Council of Balt.*, 593 U.S. 230, 141 S. Ct. 1532, 1541 (2021).

Congress's instruction in Section 1453(c), that Section 1447 "shall apply" to CAFA removal, incorporates *all* of Section 1447's rules governing "procedure after removal," including Section 1447(d)'s limited prohibition on appeals. That instruction does not overrule *Thermtron* or *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009), or otherwise indicate that their authoritative interpretation of Section 1447(d) doesn't apply to CAFA remand orders. *Cf. Clark v. Martinez*, 543 U.S. 371, 378–79 (2005) (once a court interprets a statute, that interpretation applies in all of the statute's applications).

The La Harts lean heavily on a single sentence in *Abraham v. St. Croix Renaissance Group, L.L.L.P.*, 719 F.3d 270 (3d Cir. 2013), as supporting their misunderstanding of Section 1447 and Section 1453. *See* RB 16–17, 26. In *Abraham*, this Court affirmed a remand order because the action was not removable as a "mass action" under CAFA. 719 F.3d at 280. In considering appellate jurisdiction, the Court observed:

> Under traditional federal practice, an order remanding a case to state court is not reviewable. 28 U.S.C. § 1447(d). CAFA, however, diverges from traditional federal practice by providing for discretionary appellate review of "an order of a district court granting or denying a motion to remand a *class action* to the State court from which it was removed." 28 U.S.C. § 1453(c)(1) (emphasis added).

*Id.* at 275. Emphasizing the word "traditional" (RB 26), the La Harts read *Abraham* as (mis)reading Section 1447(d) as a *complete* prohibition on *all* appeals of *all* remands orders. But the *Abraham* blockquote, a high-level summary description of typical remand orders, cannot bear the weight the La Harts place on it. It merely acknowledges that Section 1453(c) permits appellate review of CAFA remand orders that would otherwise be unreviewable under Section 1447(d).

The La Harts also fundamentally misunderstand Section 1453(c)'s "notwithstanding" clause as amending or modifying Section 1447. Congress uses a "notwithstanding" clause to signal which statute should win out in the event of a statutory conflict. *See Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993). Section 1453(c)'s "notwithstanding" clause, then, indicates that Section 1453(c)'s jurisdictional provisions win out to the extent they conflict with Section 1447(d).

Without the "notwithstanding" clause, the two statutes would likely conflict in some circumstances. Section 1453(c) *confers* jurisdiction over a wide range of orders granting or denying remand of class actions. Section 1447(d), by contrast, *rescinds* jurisdiction over a narrow subset of orders granting remand based on either a lack of subject-matter jurisdiction or a removal defect. Without the "notwithstanding" clause, it

may be uncertain whether litigants could invoke Section 1453(c) to seek appellate review of CAFA remand orders based on a lack of subject-matter jurisdiction or a removal defect. The "notwithstanding" clause eliminates that doubt and confirms that Section 1447(d) does not prohibit an appeal under Section 1453 in those discrete circumstances. AOB 46.

Section 1453(c)'s "notwithstanding" clause has nothing to say about the appealability of remand orders that are *not* barred by Section 1447(d), like those based on the local controversy exception. AOB 46–47. Like all final orders and all remand orders based on abstention, local controversy remand orders are appealable as of right under Section 1291, and Section 1447(d) does not rescind that jurisdiction. True, Section 1453(c) also confers appellate jurisdiction over local controversy remand orders (along with conferring appellate jurisdiction over every other CAFA remand order as well as orders denying CAFA remand), but that little bit of overlap is not a conflict, let alone an irreconcilable conflict that the Court must iron out. *See* AOB 46–47.

### B. The 1996 amendments to Section 1447 do not mean that the local controversy exception is a "defect."

*Second*, the La Harts discount the Fourth, Fifth, Eighth, and Eleventh Circuits decisions because they "relied on outdated precedent."

RB 27. The La Harts again argue that the 1996 amendments to Section 1447 overruled *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), and the "large body of case law" that followed, *Cook v. Wikler*, 320 F.3d 431, 435 n.5 (3d Cir. 2003). RB 27–32. This Court and its sister circuits have rejected these arguments. AOB 40–44 ("Circuit courts unanimously agree that the 1996 amendments did not overrule *Thermtron* or broadly transform all non-jurisdictional remand orders into nonappealable orders based on removal defects.").

The 1996 amendments did not somehow broaden the meaning of "defect" in Section 1447(c) to encompass things like the local controversy exception. RB 32–36 ("[O]rders granting remand based on the *mandatory* local controversy exception should fall within the meaning of 'any defect other than lack of subject matter jurisdiction' and are therefore not appealable."). Contrary to the La Harts' contention (RB 31–35), a local controversy is not a "defect." AOB 37 n.5, 41, 43–44. It has nothing to do with a failure to comply with the statutory requirements for removal. *See Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009) ("'[D]efect' refers to a failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441–1453."); *Skyline*, 148 F.4th at 217 (local controversy exception was not a "defect" because it was not a "failure to

comply with the statutory requirements for removal"). CAFA's local-controversy exception is not, as the La Harts contend, a "non-procedural statutory requirement[] *for removal*" that a defendant could somehow violate, RB 33 (quoting *Kamm*) (emphasis added). The local-controversy exception is a statutory requirement *for remand*. Instead of writing CAFA to *prohibit removal* of local controversies, Congress wrote CAFA to *require remand* of local controversies. For purposes of Section 1447(d), that is a meaningful difference because it removes any argument that removal of a local controversy violates a statutory requirement or otherwise counts as a "defect."

# CONCLUSION

The district court's judgment should be reversed.


Dated: December 23, 2025    Respectfully submitted,

              s/ Bryan Killian

LAURA HUGHES MCNALLY     BRYAN KILLIAN
MORGAN, LEWIS & BOCKIUS LLP  DUKE K. MCCALL, III
2222 Market Street       MORGAN, LEWIS & BOCKIUS LLP
Philadelphia, PA 19103     1111 Pennsylvania Avenue, NW
(215) 963-5257        Washington, DC 20004
laura.mcnally@morganlewis.com  (202) 373-3000
              bryan.killian@morganlewis.com
              duke.mccall@morganlewis.com
CASSIDY DUCKETT BRITT
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, DE 19801     *Counsel for Sunoco Pipeline L.P.,*
(302) 574-7246        *Energy Transfer LP, and Energy*
cassidy.britt@morganlewis.com  *Transfer (R&M) LLC*

# COMBINED CERTIFICATE OF COMPLIANCE

In accordance with Local Appellate Rules 28.3(d) and 46.1(e), I certify that all attorneys whose names appear on this brief are members in good standing of the bar of this Court or have filed an application for admission.

In accordance with Local Appellate Rule 31.1(c), I certify that the texts of the electronic brief and paper copies are identical, and that Microsoft Defender Offline scanned the file and did not detect a virus.

In accordance with Federal Rule of Appellate Procedure 32(g)(1), I certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 4,313 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Circuit Rule 32(e)(1), according to the word count of Microsoft Word 365. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in Century 14-point font, a proportionally spaced typeface.

s/ Bryan Killian
Bryan Killian

December 23, 2025